123-0165-WC Precision Pipeline, LLC Appellant by Andrew Kovacs v. Illinois Workers' Compensation Comm'n John Barrichello Appellee by Harris Puskik. Mr. Kovacs, you may proceed. Good morning, my name is Andrew Kovacs. I represent the Appellant Precision Pipelines. I'm going to keep you all on schedule today because I don't have a lot to say. It's a jurisdiction situation. Mr. Kovacs, can I have, I got a couple, which law firm are you from? Well, I'm actually from the law office of Craig Hansen in St. Louis. However, the law office of Gina Whitson, another Zurich staff counsel office in Chicago, has had some attrition lately and I find myself the senior member of the Illinois team, so at 30 years. And because the last time I was in front of you all in 2016, I won. So I guess I got the short straw, I don't know, or the long straw, however you want to look at it. The next question that I have for you really relates to the content of this brief. Supreme Court Rule 341H governs the preparation of briefs in the appellate court and it requires that in the statement of facts and in the argument for the factual assertions, you're supposed to give us a page reference to the record. In the statement of facts and the argument in this brief, there isn't so much as a single page reference to the record. Can you tell me how that occurred? I cannot. I was not there preparing the brief. I didn't prepare the brief. I was called in here at the 11th hour. Just, you know, for future reference, could you tell whoever prepared the brief that in the future they should read Supreme Court Rule 341? Will do. And the last question I have, in this particular case, the circuit court, there was a denial of a motion to dismiss. How is that appealable? Well, it's appealable because it's a disposition as to the nature of the case, right? I mean, it's either a live appeal or it's not. These other cases that I believe you all wrote most of that are cited in these briefs are appeals of the same thing, whether or not the circuit court acted properly in conferring jurisdiction. Well, the problem I have here is the circuit court denied a motion to dismiss. Is that correct? I believe so. Yeah. That didn't fully and finally determine the rights of the parties in the case, did it? Well, it can if you accept that the motion to dismiss was proper. I mean, it depends upon the result. Well, you're right. It does depend on the result, because if he granted the motion to dismiss, then the case would have been disposed of. But he didn't grant the motion to dismiss, and so the case was not disposed of. And the cases seem to be rather legion, including the Supreme Court, that says the denial of a motion to dismiss is not a final appealable order, but rather interlocutory in nature. And that's not one of the interlocutory rulings that's entitled to appeal under the Supreme Court rule. So I'm at a loss to understand where our jurisdiction is in this case. Well, you know, again, I hate to keep saying this. I've been brought in to do this. It's in the reply response brief, but the second brief that Lisa filed is her basis for jurisdiction. You know, I mean, it's a simple question of whether the three requirements for jurisdiction of the circuit court were satisfied. One of them was not. All the cases cited, including those by the circuit court, have different sets of facts. You know, he's two days late. It's a rule or it's not. You know, are we going to forgive him because, as cited in his brief, if the comp file was down and they had a two-day delay in filing the notice of intent and somehow that cascaded their lateness, or is two days late substantial compliance? I mean, that's really what it is. I mean, as a practical matter, I think we all will understand that this goes back to the circuit court. I'm going to be seeing you all in two years again, and we're Councilors, there's no question that that will happen. But can judicial economy be an argument for asserting jurisdiction? No, I'm just pointing it out. You know, again, I'm trying to avoid making judgments about what people have done here in the past. I understand what you're saying completely. I personally might have done it differently. There are a lot of ways this case could have been handled differently on both sides, but we're here. I mean, that's basically what we're asking is, is two days, is that substantial compliance or not? Excuse me, may I ask, on page one of the reply, it says, claimant's argument would have the appellant wait for the entire controversy to be decided when, in fact, the circuit court has no jurisdiction. So, I mean, it really is a judicial economy sort of argument. Like, why wait till this is done? We know we're going to win when we come back. Therefore, could we all vote and have jurisdiction? Well, I mean, I think your point, though, is well taken. It's whether or not the circuit court... I'm sorry. We either have it or we don't, right? Yes, and the circuit court either had it or it didn't. When you admit that the case isn't over in the circuit court, you're more or less admitting we don't have it. Or am I misreading that? Well, I think that you have jurisdiction to decide whether you have jurisdiction, right? So, that's what we're saying now. Well, it's not a jurisdiction. You have an obligation. The court has an obligation to determine jurisdiction. That's right. And if you say we don't have it, then we don't have it. I don't have anything else if you'd like to turn it over. Anyone have any more questions? There appear to be none. Thank you, Mr. Kovacs. You have time and reply. Oh, yes. Thank you. Mr. Husick, or Husick, is it? I'm sorry. Husick. No worries. Good morning. I may have to use the court. My name is Harris Husick. I represent the Pele John Veracallo in this matter. As your honors already touched upon it, I don't want to say the same thing over, but unfortunately, the Pele court has no jurisdiction over this proceeding brought by Precision Pipeline. There is no jurisdiction. The circuit court's order is not a final decision. It just ruled on its jurisdiction. The entire merits of the case are not final. Surgery is still being prescribed by Mr. Veracallo's treating physician. Those merits still have to be ruled upon. Moreover, besides that argument, I believe the circuit court has no choice but to remand the case. Even if the Pele court were to have jurisdiction, Mr. Veracallo substantially complied with Section 19F. The Pele court recently ruled on a similar issue with substantial compliance in, I might say, around the Harris case, H-A-R-R-A-H, in which there was also a summons. The court ruled that substantial compliance was enough. Similarly here, while the appeal should have been made on October 12th, there was an issue with confile. The prior counsel here at our office contacted confile right away. Unfortunately, confile could not resolve the issue until October 14th. Commissioner Partella entered a order stating that there was a timely filing made. Because of that, it was sufficient to pass a circuit court with jurisdiction over our appeal. I believe the court has no jurisdiction here and the case should be remanded back to the circuit court. As another point, I think you should both be advised. You have bad captions on your briefs. The Supreme Court rules require that the caption on appeal has to be the same caption as at the circuit court. The caption at the circuit court in this case was Barkello versus the Workers' Compensation Commission and Precision Pipeline. It was Barkello that brought the action for judicial review, was it not? Correct. So, the caption is backwards in this case, or partially backwards. So, you know, watch it when you write these briefs that you use the correct captions of from the circuit court. Other questions from the bench or observations? Mr. Kovacs, you may reply. Just to say that I'm going to skip attacking the statement about the medical because that's the rest on what's been said and what's been written. Very good. Well, thank you, counsel, both for your presentation this morning. In this case, it will be taken under